Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
401 Whilshire Blvd, 12th Floor
Santa Monica, California 90401
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

Attorney for Plaintiff: *DR. ELLIOT MCGUCKEN*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ERICA IVES, MFT, an individual and DOES 1-10 inclusive. <br><br> Defendant(s) | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR A JURY TRIAL** |

COMES NOW Dr. Elliot McGucken ("Plaintiff"), hereby alleging as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§ 1338* (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over Defendants because Defendants

1  have targeted and caused damage in this jurisdiction the brunt of the infringement injury
2  which can be felt in this jurisdiction.

3    4.  Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in
4  that this is the judicial district in which a substantial part of the acts and/or omissions
5  giving rise to the claims are believed to have occurred and where personal jurisdiction
6  otherwise exists as Defendants activities injured Plaintiff in this jurisdiction.

## PARTIES

8    5.  Plaintiff Elliot McGucken ("McGucken or "Plaintiff") is a professional
9  photographer and author residing in Los Angeles, California.  He does not sell his images
10 on stock art websites.  He has sold his art for as high as $8,000 and his work has appeared
11 on the cover of Nikon magazine and in other publications.  He routinely provides art to
12 U.C.L.A. medical.   He also sells photography books which can be found on
13 Amazon.com. His art and entrepreneurship course has been reported in the New York
14 Times.

15   6.  Defendants ERICA IVES, MFT., ("Defendant" and/or "Defendants" and/or
16 "ERICA IVES")  has infringed Plaintiff's copyrights causing damage in this jurisdiction
17 and have purposefully availed themselves of the protections of this jurisdiction.
18 Defendant is believed to be a commercial business entity.

19   7.  Plaintiff is unaware of the true names and capacities of the Defendants sued
20 herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under
21 such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that
22 such fictitiously named Defendants are responsible in some manner for the occurrences
23 herein alleged, and that Plaintiff's damages as herein alleged were proximately caused
24 by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the
25 names and capacities of such fictitiously named Defendants are ascertained. As alleged
26 herein, "Defendant" shall mean all named Defendants, and all fictitiously named

Defendants.

8. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees' officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and, insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the allegations above as if alleged herein.

10. Plaintiff is a fine art photographer and author and has a Phd in physics. He does not sell his photographs via any "*stock images*" websites ( like Getty or IstockPhoto) and instead is in the business of building a fine art brand with equisite photos that are subject to widespread infringement requiring an ongoing enforcement effort.

11. Much time and financial risk goes into each shoot including photography and equipment expense, travel costs and other costs.

12. Many person incorrectly believe they can download and use his images, without authorization for their own personal and commercial uses without paying for the property license.  Defendants have not paid for the license and had no consent to use any of Plaintiff's photos.

13. Plaintiff is the sole author and rights holder to the original photograph(s) that were *willfully infringed* by Defendants"s) (the "Image(s)"), a true and correct copy of the United States Copyright Registration is attached hereto as **Exhibit "1"** registration number **VA0002121720**.  The court thus has subject matter jurisdiction to hear this claim.

14. Defendants have unlawfully copied and/or reproduced and/or publicly displayed Plaintiff's Image, without consent or authorization *COMMERCIALLY* capitalizing of Plaintiff's copyrighted Work(s).

15. Plaintiff discovered the Image being used on Defendant's Website and demanded that the photo(s) images be taken down and any proof of licensing be provided (see **Exhibit "2"** the original demand that was sent on or around 09-12-19)

16. Plaintiff has never authorized the Defendant(s) to use the Image in any manner whatsoever, and no license is known to exist.

17. On information and belief, the Defendants knew they did not have permission to use the Image on the Website for commercial purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license and in reckless disregard of the rights of the photographer.

18. On April 16, 2019 we emailed a FINAL NOTICE to Defendant asking them again to stop using Plaitniffs copyrighted photo, see **Exhibit "3".** Received email response from Defendant, see **Exhibit "3"**. On May 16th, 2020 we emailed Defendant a final demand to **CEASE and DESIST** using copyrighted photo along with a screenshot photo of Defendants website dated 5/16/2020 still infringing, see **Exhibit "3"**.

19. Thereafter, on May 28, 2020 it was learned that Defendant continues to use the images/works on their website, for commercial purposes as can be seen in **Exhibit "4".** This continued willful use in the face of a prior copyright infringement notice constitutes malicious and willful infringmenet where fore Plaintiff seeks the maximum penalties allowed by law.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

*[Against All Defendants]*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint and all Exhibits as though fully stated herein.

21. Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff original copyrighted work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in

that it used, published, communicated, posted, distributed, and/or otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing manner on Defendant's Website.

22. There is no fair use of Plaintiff's work which is an original work of authorship.

23. Plaintiff did not consent to, authorize, permit, consent, or allow in any manner Defendant's said use of Plaintiff's unique and original Image including for any reproduction, distribution, or public display.

24. Plaintiff was aware that they were violating the law and intentionally infringing the copyright of Plaintiff as all works of authorship fixed in a tangible medium of expression are subject to copyright laws.

25. Defendants are presumed to know the law, and thus presumed to know the Images were copyrighted and were on actual and constructive notice of their infringement and recklessly distregarded Plaintiff's rights.

26. Defendants did not seek any license or permission to obtain or use the photo Images which are copies, reproductions and substantially similar to Plaintiff's copyrighted work to which Defendants had access to, and did access the misappropriate for their own commercial benefit.

27. Defedants willfully violated Plaintiff's exlusive rights to his Coyrights in regard to:

(a) the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b) **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c) **publicly displaying** the copyrighted *Works in violation of 17 U.S.C. §106(5)*

*and §105* by showing individual images of the Works.

28. Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must follow.

29. Defendants committed infringements "*willfully*" within the meaning of *17 U.S.C. §504(c)2*.

30. As a result of Defendants' willful violations of *Title 17 of the U.S. Code*, Plaintiff is entitled to any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $30,000 up to $150,000.00 per infringement pursuant to *17 U.S.C§ 504(c)*.

31. As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505*. Plaintiff seeks costs and reasonable attorney fees.

32. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or their agents, representatives, successors, assigns,contractors and others from engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

33. It should be noted that Plaintiff obtained a Default Judgement in the amount of $120,000 in a case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trtial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount from $30,000 up to $150,000.00 for each willful

infringement pursuant to *17 U.S.C. §504(c),* whichever is larger;

- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants from any further infringing use of any of Plaintiff's Image;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;
- For an award of pre- and post-judgment interest; and
- For any other relief the Court deems just and proper.
- Plaintiff hereby demands a jury trial

## **INJUNCTION REQUESTED:**

Defendants will suffer irreparable harm if Defendant is allowed to continue to infringe Plaintiff's copyrights Works. WHEREFORE,

The Court should ORDER:

1. Defendants, and each of them, shall be, and hereby are, TEMPORARILY AND PERMANENTLY ENJOINED from directly or indirectly infringing Plaintiff's copyrights.

2. This injunction shall apply to any parent company, subsidiary, or affiliate of Plaintiff including without limitation by use of the Internet or any online media distribution system to copy or reproduce (i.e. download, upload, record or copy), to distribute (i.e. upload), or to make any of the Works available for distribution

to the public, except pursuant to a lawful license or with the express authority of the Copyright holder.

3. Defendants shall destroy all copies of Plaintiffs Work(s) (whether existing in digital format, online, physically or otherwise) from any and all hard drives, servers, electronic storage devices, web servers, or other devices that exist without Plaintiff's express written authorization and shall destroy all copies of those Works transferred onto any physical medium and any device in Defendants' possession, custody or control.

4. Defendants shall provide notice of Compliance with this injunction to Plaintiff within 30 days of the Court Order.

IT IS ORDERED:

UNITED STATES DISTRICT COURT JUDGE

RESPECTFULLY SUBMITTED,

DATED: May 29, 2020      **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**


By: /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
ATTORNEY FOR PLAINTIFF
DR. ELLIOT MCGUCKEN
401 Whilshire Blvd, 12th Floor
Santa Monica, California  90401
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail:  steve@vondranlegal.com